1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

12

STEPHEN THORP,

13

            Plaintiff,                                   CIVIL NO. C04-5753RBL

14          v.
                                                        REPORT AND
15   JO ANNE B. BARNHART, Commissioner of                RECOMMENDATION
     Social Security,
16                                                      Noted for September 30, 2005
                   Defendant.

17

18

19          This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

20   636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of

21   H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed.  After reviewing the

22   record, the undersigned recommends that the decision of the Commissioner be affirmed.

23                          **FACTUAL AND PROCEDURAL BACKGROUND**

24          Mr. Thorp is 48 years of age.  He alleged he became disabled on January 7, 2001, due to a

25   variety of psychiatric conditions which include bipolar disorder, with manic episodes, depression,

26   REPORT AND RECOMMENDATION - 1

1 seasonal affective disorder, panic attacks, anxiety attacks, anger problems, and poor memory and

2 concentration.  He also argues he suffers from a variety of physical ailments, including chronic pain,

3 arthritis, degenerative joint disease, torn medial meniscus, left knee, with early osteoarthritis, and hip

4 pain.

5      Mr. Thorp last worked in January 7, 2001.  The record shows that he worked steadily until

6 January 2001 and has not had any earnings since January 2001 (Tr. 71). Mr. Thorp has a GED (Tr.

7 127). He also has some college (Tr. 127; 116-118). He went to Tacoma Community College in

8 2001, taking classes in the human services field, so that he can become a drug and alcohol counselor

9 (Tr. 293). He worked in the concrete trade for 25 years (Tr. 71-78). He also worked for a period of

10 time from 1988 to 1989 as a commercial fisherman in Alaska, (Tr. 71-78; 312-316), and as a

11 bartender in 1987 to 1988 (Tr. 71-78).

12      Mr. Thorp initially filed a disability application with the Social Security Administration on

13 February 1, 2001, (Tr.55), alleging disability since January 7, 2001. The initial application was denied

14 on April 13, 2001(Tr. 24). Mr. Thorp filed a request for reconsideration on August 24, 2001 (Tr.

15 28). On July 22, 2002, Mr. Thorp was denied a second time by the Social Security Administration

16 (Tr. 31). A request for hearing was filed by Mr. Thorp on September 26, 2002 (Tr. 34). After proper

17 notice a hearing was originally held on March 15, 2004, before an Administrative Law Judge (ALJ)

18 of the Office of Hearings and Appeals (Tr. 44; 13).  On July 8, 2004, the ALJ issued an unfavorable

19 decision. (Tr. 10-21). A request for review by the Appeals Council of the hearing decision and order

20 was filed with the local Social Security District office in Tacoma on August 2, 2004 (Tr. 9). After

21 review, the Appeals Council denied the request for review and affirmed the decision of the ALJ on

22 September 8, 2004 (Tr. 6). This decision exhausts the administrative process and constitutes a final

23 decision of the Commissioner.  42 U.S.C. § 405(g).

24 **DISCUSSION**

25      The Court may set aside the Commissioner's denial of Social Security disability benefits when

26 REPORT AND RECOMMENDATION - 2

1    the ALJ's findings are based on legal error or are not supported by substantial evidence in the record

2    as a whole. 42 U.S.C. §405(g); Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial

3    evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a

4    reasonable mind might accept as adequate to support a conclusion. Magallanes v. Bowen, 881 F.2d

5    747, 750 (9th Cir. 1989).  We consider the evidence as a whole, weighing both evidence that

6    supports, and evidence that detracts from the Commissioner's conclusion. Smolen v. Chater, 80

7    F.3d 1273 (9th Cir. 1996).  Credibility determinations are the province of the ALJ. Fair v. Bowen,

8    885 F.3d 597, 603 ( 9th Cir. 1989).  We must uphold the ALJ's decision where the evidence is

9    reasonably susceptible of more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450,

10   1453 (9th Cir. 1984).

11   *A.  The ALJ Did Not Err When She Evaluated Plaintiff's Credibility*

12        "[O]nce a claimant produces objective medical evidence of an underlying impairment, an

13   [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical

14   evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345

15   (9th Cir.1991)(*en banc*). If the ALJ finds the claimant's pain testimony not to be credible, the ALJ

16   "must specifically make findings that support this conclusion," and the findings "must be sufficiently

17   specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on

18   permissible grounds and did not arbitrarily discredit [the] claimant's testimony." Id. at 345 (internal

19   quotation marks omitted). If there is no affirmative evidence that the claimant is malingering, the ALJ

20   must provide clear and convincing reasons for rejecting the claimant's testimony regarding the

21   severity of symptoms. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.1998); Smolen v. Chater, 80

22   F.3d 1273, 1283-84 (9th Cir. 1996) (Absent affirmative evidence of malingering, an ALJ cannot

23   reject a claimant's testimony without giving clear and convincing reasons.).

24        In this case, the ALJ stated that Mr. Thorp's allegations of his impairments were inconsistent

25   with the entirety of the evidence (Tr.17 & 19). The ALJ wrote:

26   REPORT AND RECOMMENDATION - 3

The claimant's credibility was also considered, and his allegations of impairments were inconsistent with the entirety of the evidence.  His daily activities are beyond the level of a person who is disabled.  He is able to attend school and organize his schedule and activities, plus his transcript shows that his grade point average in college courses is the equivalent of a B average, which indicates that he is able to perform at an above-average level (Exhibit 11E/3).  During a treatment plan, the claimant noted that he was "very serious about his college education, " further showing his dedication and focus (Exhibit 6F/3).   Additionally, he maintains his appearance and personal hygiene appropriately.  Socially, he attends Alchoholics Anonymous meetings and is active in religious ceremonies.

Tr. 17.

Mr. Thorp alleged significant pain related to his knees and hip and psychological impairments which keep him from working..   The level of pain and of mental impairment alleged belies plaintiff's educational efforts and success, and thus it was reasonable for the ALJ to discredit plaintiff's allegations of total disability on that specific basis.

**B.  THE ALJ'S RFC ANALYSIS IS PROPERLY SUPPORTED BY THE RECORD**

If the Commissioner finds a claimant suffers from any severe impairment(s), the Commissioner must determine the residual functional capacity ("RFC") of the individual to engage in work activity.  Social Security regulations define residual functional capacity as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. 404, Subpt. P, App. 2 § 200.00( c). In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a). The regulations further specify: "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis." Id. at § 404.1545(b).

Here, the ALJ found plaintiff retained the RFC to perform a significant range of light work (Tr. 20).  Plaintiff argues the ALJ's analysis of Plaintiff's RFC does not accurately reflect the medical

REPORT AND RECOMMENDATION - 4

1   record, specifically the opinion of Tr. Tran.

2    Dr. Tran, a psychiatrist, examined Mr. Thorp on March 21, 2001, at the request of the

3   administration (Tr. 139).  Dr. Tran assessed Plaintiff as follows:

4    **Functional Assessment**: Based upon the claimant's relatively good premorbid
 functioning, as well as good mental status examination results, it appears he is still
5    able to manage his own funds.  The claimant still appears to have the ability to
 perform simple and repetitive tasks at this time; however, more detailed and complex
6    tasks may be difficult for him secondary to his depressive and anxiety symptoms.  He
 may be able to accept some instructions from supervisors.  He also may be able to
7    interact with coworkers and the public without too much difficulty at this time.
 However, it would be difficult for him to perform work activity on a consistent basis
8    at this time secondary to the severity of his depressive anxiety symptoms.  He would
 probably not be able to maintain regular attendance at a workplace at this time.  He
9    also would have difficulty completing a normal workday/workweek without
 interruption form his psychiatric condition.  It also appears that it is difficult for him
10   to deal with the usual stress encountered in a competitive workplace.  However, if the
 claimant's psychiatric condition continues to improve, it is likely he may be able to
11   return to work in the near future.

12  Tr. 143.

13   The ALJ addressed Dr. Tran's opinion.  The ALJ wrote, "... this opinion was formed either

14  before the claimant began regularly attending college or the claimant's education was not discussed

15  during the examination, as the claimant's high marks in school are inconsistent with Dr. Tran's

16  assessment" (Tr. 16).

17   The record supports the ALJ's analysis.  Dr. Tran's report states he did not review any

18  records to prepare his report (Tr. 139), and it appears Mr. Thorpe began attending college as a full-

19  time student in the beginning of 2002.

20   Plaintiff argues remand is necessary because the ALJ substituted her own opinion for that of

21  Dr. Tran's.   Plaintiff argues only Dr. Tran or another psychiatrist, not the ALJ, is qualified to render

22  a judgment about whether Mr. Thorp's college experience would change the opinion of Dr. Tran.

23  The court is not persuaded by this argument.   The ALJ made a reasonable assessment of Dr. Tran's

24  opinion and the ALJ relied on other medical source evidence to base Plaintiff's RFC.  The ALJ

25  specifically relied on a psychological report dated April 6, 2001, and another medical report dated

26  REPORT AND RECOMMENDATION - 5

1  June 5, 2002.

2      In sum, the court finds no error in the ALJ's treatment of Dr. Tran's medical opinion and her

3  RFC determination.

4  *C. THE ALJ'S PROPERLY RELIED ON TESTIMONY OFFERED BY THE VOCATIONAL EXPERT*

5      Plaintiff argues the ALJ erred at step-five of the five-step process used by the administration

6  to determine disability.  At step-five the burden of proof shifts to the Commissioner to produce

7  evidence of other jobs existing in significant numbers in the national economy that Plaintiff could

8  perform in light of his age, education, work experience, and residual functional capacity.  *See* Tackett

9  v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995).

10  In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing

11  that there is other work in 'significant numbers' in the national economy that claimant can perform:

12  (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines

13  at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

14      Where there is conflicting evidence the ALJ may resolve such conflicts, and the ALJ's

15  findings will be upheld where the weight of the medical evidence supports the hypothetical questions

16  posed by the ALJ.  Martinez v. Heckler, 807 F.2d 771 (9th Cir. 1986).  A vocational hypothetical

17  must set forth all the reliable limitations and restrictions of the particular claimant that are supported

18  by substantial evidence. See Osenbrock, 240 F.3d at 1162-63; Magallanes v. Bowen, 881 F.2d 747,

19  756 (9th Cir. 1989). Although the hypothetical may be based on evidence which is disputed, the

20  assumptions in the hypothetical must be supported by the record.  Andrews v. Shalala, 53 F.3d 1035,

21  1043 (9th Cir. 1995)(*citing* Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)).

22      Here, relying on testimony from a vocational expert, the ALJ concluded that Mr. Thorp

23  could perform work as an assembler, addresser, parking lot attendant, and food checker (Tr. 19).

24  Plaintiff argues the conclusions by the vocational expert who testified at the hearing that Mr. Thorp

25  could do these jobs was based upon incomplete or incorrect information in the hypothetical questions

26  REPORT AND RECOMMENDATION - 6

1   given to him by the ALJ.

2         At the hearing, the ALJ asked the vocational expert the following:

3         Assume the individual is limited to being able to occasionally lift 20, frequently 10
          pounds; can stand or walk for two hours in an eight-hour day and can sit for six.  The
4         individual would have some limitation in being able to operate any type of foot
          controls on a continuous basis – I mean, like operating foot machinery and would be
5         precluded from jobs requiring climbing of ramps and stairs, ropes, ladders,
          scaffolding.  He could occasionally, being nor more than one-third of the day, work in
6         activities involving balancing, stooping, kneeling, crouching, or crawling.
          Environmental limitations would preclude concentrated exposure to vibration and to
7         the operation of hazardous machinery or working at heights.  The Claimant has some
          non-exertional limitations – the Claimant would be able to interact with co-workers
8         and the public.  He would have – capable of performing simple and repetitive tasks.
          He could not consistently perform detailed and complex tasks.  He would be able to
9         exercise judgment and to work independently in the performance of the simple,
          repetitive task.  He would also be limited in his interaction with members of the
10        public.  Assuming those limitations or restrictions, what impact first on past-relevant
          work?

11

12  Tr. 318-319.  After clarifying the issue of interaction with the public, the vocational expert identified

13  works as an assembler, an addresser, and a parking lot attendant as types of jobs Mr. Thorp would

14  be capable of performing.

15        Plaintiff's argument is based on the premise that the ALJ erred when she evaluated Plaintiff's

16  testimony and Plaintiff's RFC, both discussed above.   As noted above, the court finds no error in the

17  ALJ's evaluation of Plaintiff's allegations of total disability or the ALJ's RFC analysis, and thus, the

18  court finds no error in the hypothetical posed to the vocational expert or in the ALJ's reliance on the

19  vocational expert's testimony.

                                    **CONCLUSION**

20        Based on the foregoing discussion, the Court should affirm the administration's decision.

21  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

22  parties shall have ten (10) days from service of this Report to file written objections.  See also

23  Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

24  appeal.  Tomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b),

25

26  REPORT AND RECOMMENDATION - 7

1  the clerk is directed to set the matter for consideration on **September 30, 2005,** as noted in the

2  caption.

3        *DATED this 16ᵗʰ day of September, 2005.*

4

5                                    */s/ J. Kelley Arnold*
                                     J. Kelley Arnold
6                                    U.S. Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  REPORT AND RECOMMENDATION - 8